Joshua J.C. Ulloa
Reg No. 02758-093
United States Penitentiary LOMPOC
3901 Klein Blvd.
Lompoc, California 93436-2706

Pro Se.



FILED
DISTRICT COURT OF GUAM
DEC 06 2010
JEANNE G. QUINATA
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM
(HAGATNA)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | Civil No. _____ |
| ) | |
| ) | D.C. No. 1:07-cr-00111-1 |
| -vs- ) | 1:08-cr-00013 |
| ) | |
| JOSHUA J.C. ULLOA, ) | (Chief Judge Tydingco-Gatewood) |
| Petitioner. ) | |

**BRIEF IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. §2255**

COMES NOW, Joshua J.C. Ulloa, (Hereinafter "Ulloa"), pro-se, an incarcerated federal prisoner presently housed at the United States Penitentiary located in Lompoc, California.

Mr. Ulloa is serving a 87 month term of imprisonment following his conviction from Drug User In Possession of A Firearm (Count 1) in violation of 18 U.S.C. §922(G)(3) and 18 U.S.C. §924(A)(2); Conspiracy To Manufacture Methamphetamine 21 U.S.C. §841(A)(1) and 18 U.S.C. §846.

Mr. Ulloa respectfully files the instant Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 alleging ineffective assistance of counsel for counsel's failure to object to a 14 level upward departure in violation of the Double Jeopardy Clause. Mr. Ulloa does not challenge his conviction, rather the illegal sentence imposed based on the double jeopardy violation.

This brief in support is being filed without the benefit of Mr. Ulloa's sentencing transcripts, Ulloa has been unsuccessfully attempting to obtain these documents from the clerk of court since April 6, 2010. These attempts

have been unsuccessful to date. Therefore, Mr. Ulloa respectfully reserves the right to amend §2255 motion with relevant information that may be forthcoming after a thorough review of the said transcripts. Pleadings presented by pro-se litigants should be construed liberally than if counsel had drafted them. Haines v. Kerner, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972).

Mr. Ulloa represents as follows in support of his §2255.

## STATEMENT OF FACT

### a. Procedural Background:

On December 21, 2007, Alcohol, Tabacco, & Firearm (ATF) agents arrested Mr. Ulloa on federal charges of (Drug User In Possession of A Firearm), case number: CR-07-00111-01. Mr. Ulloa posted bail the same day. (PSR, pg. 3, #2).

On January 7, 2008, the Drug Enforcement Administration (DEA), Alcohol Tobacco & Firearm (ATF), and Guam Police Department jointly executed a federal search warrant on Mr. Ulloa's residence. Mr. Ulloa was subsequently arrested by Guam Police for child endangerment and related offenses. (Superior Court of Guam, Case No. CF-06-08), (PSR, pg. 3, #3).

While in the primary custody of local authorities in Guam, the United States Attorney's Office filed a Writ of Habeas Corpus Ad Prosequendum on January 29, 2008, to produce Mr. Ulloa for adjudication of the revocation of pre-trial release.[1] (Case No. 1:07-cr-000111-1, Doc. 18, 01/24/2008, Writ), (Doc. 18, Writ)

On February 13, 2008, a federal grand jury for the District of Guam returned an indictment charging Ulloa with the following offenses, to wit: <u>Count 1:</u> Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 846; <u>Count II:</u> Aiding and Abetting the Attempted Manufacturing of Methamphetamine, in violation of 18 U.S.C. §2 and 21 U.S.C. §§841(a)(1) and 846; <u>Count III:</u> Establishment of Manufacturing Operations, in violation of 21

---

[1] This case involves two different docket case numbers, to alleviate confusion the docket for case number 1:07-cr-000113 is being cited unless otherwise indicated.

-2-

U.S.C. §856(a)(2). **(Doc. 1, 2/13/2008, Indictment), (PSR, pg. 3, #4).**

On February 20, 2008, Mr. Ulloa appeared for an initial arraignment hearing via Writ of Habeas Corpus Ad Prosequendum before Judge Tydingco-Gatewood. Ulloa pleaded not guilt to the offenses. **(Doc. 24, 2/20/2008, Initial Appearance), (PSR, pg. 4, #7).**

On March 11, 2008, the case was recalled for a change of plea hearing before the Magistrate Judge, Pursuant to the plea agreement Ulloa consented to plead guilty. **(Doc. 35, 3/11/2008, Plea Hearing). (PSR, Pg. 4, #8).**

On April 8, 2008, chief Judge Tydingco-Gatewood accepted the plea of guilty. **(Doc. 60, 4/08/2008, Order), (PSR, pg. 4, #8).** On September 4, 2008, a stipulated motion to vacate the status hearing was granted and the sentencing date was set. **(Doc. 86, 9/04/2008, Order).**

On November 17, 2008, the district court ordered the pre-sentence report be completed by January 23, 2009. **(Doc. 99, 11/17/2008).** On March 24, 2009, Ulloa pled guilty to the pending charges of Child Abuse and Endangerment in the Superior Court of Guam. **(Exh. B, Judgment & Commitment).**

On June 6, 2009, sentencing proceedings were held before Chief Judge Tydingco-Gatewood. Mr. Ulloa was sentenced to a 87 month term of imprisonment, ran concurrent with CR-07-00111. **(Doc. 132, 6/4/2009, Sentencing Hearing).**

On June 26, 2009, Mr. Ulloa was sentenced in the Superior Court of Guam for Child Abuse/Endangerment and Forgery. Superior Court Judge Bordallo sentenced Ulloa to a five year term of imprisonment at the Department of Corrections. **(Exh. B, Judgment & Commitment, pg. 2).**

b. **Factual Background:**

On October 9, 2007, Christine Duenas, Johnnie Fortner and Ulloa were detained in connection with a traffic violation in which Methamphetamine paraphernalia was recovered from Fortner. Drug Enforcement Administration Agents and Task Force Officers interviewed Ulloa at the Hagatna precinct where

-3-

Ulloa provided permission to Agents and Officers to search his residences located at 26 Consolacion Street, Asan, Guam. Later that evening (DEA) Special Agent K. Bowman, DEA Task Force Officers D. Taitano and F. Gutierrez conducted the search of Ulloa's residences/ During the search Jonathan Ninete led agents to a .45 caliber located in the bushes behind the residences. Ulloa stated that he obtained the firearm from Jason Senesi prior to his conviction on federal drug charges. Agents did not arrest Ulloa and Duenas. [2] (PSR, pg. 6, #17).

Mr. Ulloa later indicted on December 19, 2007. (Case No. 1:07-cr-00111-01, Doc. 1). The arrest warrant ----- was executed on December 21, 2007, subsequently Ulloa posted bail the same day. (Doc. 12/2/2007).

On January 7, 2008, DEA agents, (SA) and (TFO's) received information from a Source Of Information (SOI) that Christopher Grantham a suspected drug trafficker was residing with Ulloa and Christine Duenas at their residence, 26 Conolacion Street, Asan, Guam. The SOI stated that Grantham , not Ulloa was manufacturing methamphetamine at the residence and had solicited the SOI for assistance in obtaining sudafed. (PSR, pg. 6, #19).

On the same day, DEA personnel with the assistance of the Guam Police Department proceeded to Mr. Ulloa residence in Asan to apprehend Grantham on a federal warrant. Officers knocked on the door and announced their presence. Ulloa opened the door, and officers inquired with Ulloa if Grantham was in the residences to which Ulloa refused to reply. After being told that officers had information that Grantham was inside the residence, Ulloa was again asked if Grantham was in the residence. Ulloa turned to Christine Duenas and inquired if she knew? Duenas did not respond. (PSR, pg. 7, #20).

Officers proceeded into the house before Ulloa could provide them permission, officers continued to the second floor. After entering a bedroom officers

---

[2] Mr. Ulloa's version of events differs slightly from the Pre-Sentence Report. However, due to counsel's failure to review the PSR with Ulloa until the sentencing proceedings had begun a proper objection was not filed with the probation department. (Doc. 132)

-4-

subsequently discovered Grantham. He was ordered to the ground to which he complied. Following the arrest of Christopher Grantham, officers found two improvised straws in his left left shorts pocket which contained an off-white chunky substance. Agents field tested the substance which yielded a presumptive positive result for methamphetamine. Agents advised Grantham of his rights and he agreed to cooperate with. (PSR, pg. 7. #23, 24).

Another individual named Jonathan Ninete was found in another bedroom in the house. Ultimately, the four individuals were transported to the DEA Guam resident office for questions. The children were removed from the residence and transported to the Juvenile Investigation Section (JIS) of the Police Department. The children were later transported to the Northern Public Health Center. Blood test were conducted on all five children with negative results. Subsequently (JIS) released the children to family members. (PSR, pg. 7, #22).

On the same day, Ulloa was arrested by Guam Police Officers and charged in the Superior Court of Guam with six counts of felony Child Abuse/Endangerment. **(Superior Court of Guam, Case No. CF-06-08), (PSR, pg. 3, #3).**

On January 29, 2009, while in the primary custody of the Superior Court of Guam awaiting proceedings on the local charges of child abuse/endangerment the United States Attorney filed a Writ of Habeas Corpus to produce Ulloa for the revocation of pre-trial release. **(Case No. 1:07-cr-000111-1, Doc. 18, 1/24/2008).**

While in the custody of the United States Marshals (USM), Ulloa was indicted on February 13, 2008, in the district of Guam for Conspiracy to Manufacture Methamphetamine and other related charges. **(PSR, pg. 3, #4).**

Shortly thereafter, the district court appointed attorney Curtis Charles Van de Veld pursuant the Criminal Justice Act. **(Doc. 30, 3/5/2008, CJA).**

On or about March 6, 2008, attorney Van de Veld came to visit Mr. Ulloa at the Department of Corrections Mangilao. During the attorney-client session

counsel Van de Veld instructed Ulloa to review the two plea agreements and if there was anything that he didn't understand let him know and he would explain it.

After reading the plea agreements Ulloa turned to counsel and stated "Curtis, man to man what am I facing? Counsel replied, I told you before, you are a dumb ass criminal because you got caught. I don't know how much you are looking at, but you will be an old man by the time you get out." Counsel went on to state there's not much I can do for you, whatever the government offers is what we will have to accept. Now, either you sign the plea agreement or we can proceed to trial, and you may never get out of prison. Ulloa hesitantly signed the plea agreements. As counsel stood to leave, he informed Ulloa that he would immediately file the plea agreement with the Clerk.

On March 11, 2008, at the change of plea hearing defense counsel only said hello to Ulloa. **(Doc. 35, 3/11/2008).** On or about November 15, 2008, counsel attended the pre-sentence investigation interview with Mr. Ulloa. Counsel informed Ulloa that everything depends on the construction of the Pre-Sentence Report. At the completion of the PSR interview counsel advised Ulloa once the Pre-Sentence Report is drafted they would review it together, and file any objection that may be necessary.

From January 8, 2009, until May 22, 2009, Ulloa attempted to contact counsel on his cellphone no less than (15) times. However, counsel never answered the calls. Ulloa did not speak to of see counsel until the day of sentencing.

On June 9, 2009, Ulloa was produced for sentencing in the district court of Guam for sentencing before Chief Judge Tydingco-Gatewood. Before the sentencing hearing began the U.S. Marshals escorted Ulloa into the court room. As Ulloa sat in the chair counsel Van de Veld was standing speaking to AUSA Rosetta San Nicolas about the base offense level Ulloa would be

starting from. AUSA Nicolas - informed Van de Veld Ulloa would be starting from a base offense level of (30), then he would receive two points for acceptance of responsibility, and she would recommend an additional (1) level departure. After AUSA Nicolas and counsel concluded their conversing. Van de Veld calculated the months Ulloa would have to complete in the BOP before qualifying for release.

Shortly thereafter, the Honorable Chief Judge Tydingco-Gatewood entered the Court and the sentencing proceedings began. The Judge began by requesting the probation officers recommendation. After obtaining the recommendation, the Court asked Ulloa whether counsel and himself had an opportunity to review the Pre-Sentence Report. Counsel quickly interjected that he had not been able to review the Pre-Sentence Report with Ulloa before the sentencing proceedings. Judge Tydingco-Gatewood provided counsel (20) minutes to review the Pre-Sentence Report with Ulloa. **(Doc. 132, 6/4/2009, Sentencing Transcripts)**.

The U.S. Marshal's escorted Ulloa to a holding cell, where counsel arrived short afterwards. Counsel quickly began reviewing select portions of the Pre-Sentence Report with Ulloa. As counsel reviewed a selected portion of the PSR, he would place a check or make a notation next to that portion. **(Exh. A, Counsel's Original PSR)**. Ulloa asked counsel to slow down, because he didn't understand all of this, counsel then stated "look I'm just going over what's important, I've already explained to you that you'll only do about (60) months after all of the programs. As counsel arrived at page 13, #50-51 of the Pre-Sentence Report Ulloa noticed that his base offense level was (16). Ulloa then asked counsel how did his base offense level increase from (16) to (30). Counsel explained that the probation department imposed a (14) level upward departure for child endangerment. Ulloa then stated that he was already being charged for child abuse/endangerment in by local authorities, and wouldn't it be double jeopardy to be enhanced for the exact same charge I'm being charged with by local

-7-

authorities? Counsel stated "technically, it can be done, but I'll check further. Just don't get your hopes up, because you are already getting off easy. What we don't want to do is piss the government off, then she will not give you the additional point for acceptance of responsibility."

Mr. Ulloa then informed counsel that the statement by Jonathan Ninete is completely false pertaining to any drug manufacturing or cooking being done while his children were in the residences, and furthermore the statement does not mention my name, or that I had knowledge, or participated in any such activity. Ulloa went on to ask counsel how can they enhancement him 14 base offense levels based upon a false statement? Counsel advised Ulloa not to complicate the case, just take the 87 months and move on with your life. Counsel then placed a question mark by number 51 of the Pre-Sentence Report, and continued forward. After (10) minutes counsel completed the brief review of the Pre-Sentence Report with Ulloa and proceeded back to Court. (Exh. A, Counsel's Original PSR, #51). After the Court reconvened Judge Tydingco-Gatewood sentenced Ulloa to a (87) month term of imprisonment on the firearms charges and Conspiracy To Manufacture charges to be ran concurrent. (Doc. 132, 6/4/2009, Sentencing Transcripts).

### QUESTION PRESENTED

I. **WHETHER DEFENSE COUNSEL DEPRIVED MR. ULLOA OF EFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO AN INAPPLICABLE 14 LEVEL UPWARD DEPARTURE IMPOSED IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE**

## ARGUMENT

**I. DEFENSE COUNSEL DEPRIVED MR. ULLOA OF EFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO AN INAPPLICABLE 14 LEVEL UPWARD DEPARTURE IMPOSED IN IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE**

**I. Standard of Review:**

**i. Ineffective Assistance of Counsel:**

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show both that his counsel's performance was constitutionally deficient such that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and that he was prejudiced by his counsel's errors. Strickland v. Washington, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To prove constitutionally deficient performance, petitioner must show that his counsel's performance fell below an objective standard or reasonableness under prevailing professional norms. Strickland, 466 U.S. at 687-88. Then prejudiced must be established by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2052. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.

**ii. Double Jeopardy:**

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits a second prosecution for the same offense following a guilty plea. U.S. Const. Amend. V. The Fifth Amendment prohibition on double jeopardy protects defendants from being punished twice for a single criminal offense. Brown v. Ohio, 432 U.S. 161, 165 97 S. Ct. 2221, 53 L.Ed.2d 187 (1977). For double jeopardy purposes, once a guilty plea has been accepted, the defendant stands convicted. United States v. Patterson, 381 F.3d 859, 864 (9th Cir. 2004).

## B. Legal Discussion:

### iii. Superior Court Charge verse USSG Enhancement.

In the case at bar, Ulloa contends his counsel was ineffective for negating to review the Pre-Sentence Report until the sentencing hearing where an obvious claim of double jeopardy existed. Here the initial Superior Court charges of child abuse are identical to the United States Sentencing Guideline Manual Enhancement under §2D1.10 imposed in the instant matter.

A review of the Pre-Sentence Report indicates the probation department noted the pending charges. (PSR, pg. 18, #75). However, withstanding the Superior Court of Guam pending child abuse/endangerment charges the probation officer implemented a harsh enhancement pursuant to USSG §2D1.10 based on the false, unsworn statement provided by Jonathan Ninete.[3] Although the statement does not specifically mention Ulloa, or indicate Ulloa had knowledge, participation, or presences in these activities the enhancement was imposed without objection from counsel after Ulloa advised him the statement was false. (PSR, pg. 10, #32), (PSR, pg. 13, #51).

In this matter there are four relevant elements to this argument: (1) Whether the Guam Penal Code statute for child abuse are identical to the the USSG §2D1.10 enhancement imposed. (2) Whether the Superior Court of Guam had exclusive primary jurisdiction over the District Court of Guam in the child abuse/endangerment charges. (3) If the statute are identical constituting double jeopardy was counsel's performance ineffective assistance of counsel. (4) Whether the counsel's deficient performance prejudiced the outcome of the proceedings.

We will review each element in sequential order.

---

[3] Mr. Ulloa contends the statement within the PSR by Jonathan Ninete is completely false. Unfortunately, counsel's ineffective which deprived Ulloa of an opportunity to timely object, or carefully review the PSR before sentencing. (Doc. 132)

iv. **Guam Penal Code Statute verse USSG §2D1.10 Enhancment:**

Guam Penal Code §31.30
    9 GCA CRIMES AND CORRECTIONS

§31.30. Child Abuse; Defined & Punished.

(A) A person is guilty of child abuse when:
(1) he subjects a child to cruel mistreatment; or
(2) having a child in his care or custody.
(A) desert that child with intent to abandon him.
(B) subjects that child to cruel mistreatment, or
(C) unreasonably causes or permits the physical or,
    emotional health of that child to be endangered.

(b) Child abuse is a felony of the third degree when
    it is committed under circumstances likely to result
    in death or serious bodily injury. Otherwise, it is
    a misdemeanor.

SOURCE: M.P.C. § 230.4; *Cal. § 980 (1971); Mass. ch. 273, §§ 1, 4; N.J. § 2C:24-

4.

CROSS REFERENCES: G.P.C. §§ 270, 271, 271A, 273, 273C; See also § 272

COMMENT: § 31.30 superceded all or part of the Guam Penal Code dealing with the same subject. The extent of liability under this section depends upon the relationship of the defendant to the child and the degree to risk to the child. Any person who subjects a child to cruel mistreatment is guilty of a crime. Persons having the care or responsibility for a child are held to a high standard of care. In addition to the obvious crimes of desertion or cruel mistreatment, parents or guardians may not unreasonably cause or permit a child to be endangered.
This § 31.30(2)(C) recognizes the duty imposed upon parents guardians to care for a child's emotional, as well as physical needs.

(Exh. C, Guam Penal Code, Pg. 1, 3, 5).

<u>UNITED STATES SENTENCING GUIDELINE §2D1.(10) - ENDANGERING HUMAN LIFE WHILE ILLEGALLY MANUFACTURING A CONTROLLED SUBSTANCE ; ATTEMPT</u>

(b) Specific Offense Characteristic:

   (1) (Apply the greater):

      (A) If the offense involved the manufacturing of amphetamine or methamphetamine, increase by 3 levels. If the resulting offense level is less than level 27, increase to 27.

      (B) If the offense (i) involved the manufacture of amphetamine or methamphetamine; and (ii) created a substantial risk of harm to the life of a minor or incompetent, increase by 6 levels. If the resulting offense level is less than level 30, increase to level 30.

-11-

The Supreme Court has recognized that comparing statutes to determine whether one set of elements is a textual comparison. <u>Carter v. United States,</u> 530 U.S. 285, 260-61, 147 L.Ed.2d 203, 120 S. Ct. 2159 (2000).

In order to determine whether the enhanced punishment and prosecution under two statutes constitutes double jeopardy, we analyze the text of Guam Penal Code (9 GCA Crimes and Corrections, Chapter 31, Offense Against The Family § 31.30(a)(2)(c), (b)), and the United States Sentencing Guideline Manual § 2D1.10.[4]

As cited above the Guam Penal Code classifies child endangerment as a violation of child abuse under 9 Guam Code Annotated § 31.30(a)(2)(c) and (b). **(Exh. C, Guam Penal Code, pg. 1, 3, 5).** The United States Sentencing Guideline Manual classifies the endangerment of human life or minora while illegally manufacturing a controlled substance under 2D1.10. The only distinction between the two statutes are that USSG requires the enhancement attachment be implemented with the illegal manufacturing of a controlled substance whereas the Guam Penal Code for child abuse/endangerment is generalized.

Conversely, the statutes intent, purpose, and interpretation are identical. The PSR clearly states, the underlying offense involved the manufacturing of methamphetamine and it created a substantial risk of harm to five minors. (PSR, og. 13, #51). The Superior Court of Guam's judgment and commitment list identical GPC violation codes, and the victims initials. **(Exh. B, Superior Court J & C, pg. 1-3).**

The review of text from both statutes text, PSR, and Superior Court of Guam Judgment & Commitment demonstrate an undeniable double jeopardy claim in violation of the United States Fifth Amendment Constitution Rights.

### v. Superior Court of Guam Primary Jurisdiction Over District of Guam:

For double jeopardy purposes, once a guilty plea has been accepted the defendant stands convicted. In analyzing the double jeopardy punishment issue

---

[4] The probation officer cites USSG 2D1.1(10)(D) in the PSR. However, our USSG Manual cites the same text as §2D1.10 (B). (PSR, pg. 13, #51).

we evaluate the record to determine whether the Superior Court of Guam had exclusive primary jurisdiction over the child abuse/endangerment offense or whether the District of Court for Guam rightfully imposed the enhancement.

Mr. Ulloa was initially arrested by Guam Police Department on January 8, 2008, and charged within the Superior Court of Guam on six counts of child abuse. The Pre-Sentence Report clearly indicates the Superior Court proceedings were ongoing. (PSR, pg. 18, #75). On February 13, 2008, the Federal Grand Jury for the District Court of Guam indicted Ulloa on the Conspiracy to Manufacture Methamphetamine offenses. (PSR, pg. 3, #4). Federal authorities borrowed Ulloa several times for proceedings via Writ of Habeas Ad Prosequendum. Mr. Ulloa pled guilty to the federal charge of Conspiracy To Manufacture and Firearm Offenses. Ulloa had no knowledge of the possibly of a USSG §2D1.10 enhancement when he pled guilty on March 11, 2008. (PSR, pg. 4, #8). On March 24, 2009, Ulloa plead guilty to child abuse/endangerment charges in the Superior Court of Guam. (Exh. B, Superior Court of Guam, J & C). The district court did not adopt the findings of the Pre-Sentence Report until the sentensing June 4, 2009. (Doc. 132, 6/4/2009). Ulloa was sentenced in the Superior Court of Guam on June 26, 2009. (Exh. B, Superior Court of Guam, J & C, pg. 3).

There are three significant factors providing the Superior Court of Guam exclusive primary jurisdiction over the child abuse abuse/endangerment offense. First, the Superior Court held primary jurisdiction, based on the initial arrest and filing of charges before Ulloa was indicted in the District Court of Guam. Second, Ulloa pled guilty in the Superior Court of Guam before the district court adopted the findings of the PSR, and sentenced Ulloa on June 4, 2009. (Exh. B, Superior Court of Guam Judgment & Commitment). The Ninth Circuit case law is clear on the clear on which judicial entity has primary jurisdiction once a plea has been accepted. **United States v. Patterson,** 381 F.3d 859, 864 (9th Cir. 2004). In this instance Mr. Ulloa had pled guilty in

the Superior Court of Guam, before the District Court of Guam adopted the finding of the PSR which included the enhancement under USSG § 2D1.10.

### vi. Counsel's Deficient Performance:

As stated above, counsel's performance was constitutionally deficient such that he was not functioning as the counsel guaranteed by the Sixth Amendment in failing to object to an obvious double jeopardy violation. Counsel had intimate knowledge of the ongoing Superior Court proceedings for child abuse. A review of the PSR clearly indicates duplicate charges. (PSR, pg. 13, #51), (PSR, pg. 18, #75).

It is evident from the sentencing transcripts counsel did not review the PSR, until after the district court discovered that counsel had not reviewed the PSR with Ulloa, then provided them (20) minutes to review the document. **(Doc. 132, Sentencing Transcripts).** During the attorney-client review of the PSR, Ulloa informed counsel of the double jeopardy violation, however, counsel disregarded this information. **(Ulloa's Affidavit In Support).**

Failure to object to a blatant violation of double jeopardy principles resulted in counsel's performance being below an objective standard of reasonableness under prevailing professional norms. **Strickland,** 466 U.S. at 687-88.

### vii. Prejudice:

If counsel had objected to the 14 level upward departure as being in violation of the double jeopardy principles, there is a resonable probability, the results of the proceedings would have been different, and Ulloa's sentence would have been considerably lower than the (87) month term of imprisonment imposed. Counsel's unprofessional errors prejudiced Ulloa, and undermined the confidence of the outcome.

The Supreme Court's two part test for analyzing claims of ineffective assistance of counsel as articulated in **Strickland** has been established in

the case in chief.

**viii. USSG § 3D1.4 Exemption:**

If Ulloa succeeds in demonstrating ineffective assistance of counsel USSG § 3D1.4 would automatically be effected through the reduction of the 14 levels.

Therefore, this argument is reserved until the double jeopardy issues is resolved.

Mr. Ulloa respectfully ask this Honorable Court to correct his sentence or in the alternative schedule an evidentiary hearing to expand the record for an appropriate adjudication of this case at bar.

## Conclusion

**WHEREFORE,** Mr. Ulloa respectfully prays that the Honorable Court correct his sentence based upon the said facts enclosed in this brief in support.

Respectfully submitted,

Date: June 9, 2010.

_____
Joshua J.C. Ulloa.

**CERTIFICATE OF SERVICE**

I, JOSHUA J.C. ULLOA, certify that the following Brief In Support has been provided to prison officials for deposit in the US Postal mail and forwarded to the following parties:

| | |
|---|---|
| Office of the United States Attorney<br>Suite 500, Sirena Plaza.<br>108 Herman Cortez Avenue.<br>Hagatna, GU 96910 | U.S. District Court<br>Attn: Clerk of Court<br>520 West Soledad Avenue.<br>Hagatna, Guam 96910 |

Date: June 9, 2010.

_____
Joshua J.C. Ulloa, pro-se.