# DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSHUA J.C. ULLOA,

Defendant.

Criminal Case No. 08-00013-001
Criminal Case No. 07-00111

**ORDER TO SHOW CAUSE**

The Defendant Joshua J.C. Ulloa ("the Defendant"), proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 on November 1, 2010. *See* Docket No. 148.

There is a one-year statute of limitations for a defendant to file a motion under § 2255.[1]

---

[1] 28 U.S.C. § 2255(f) states:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented

Here, the Defendant's § 2255 motion was filed on November 1, 2010. Docket No. 148. However, the judgments in the above-captioned cases were filed on June 11, 2009. Thus, the Defendant's § 2255 motion was filed beyond the limitations period.

This court acknowledges its authority to raise the statute of limitations *sua sponte* and dismiss the case; however, such "authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Accordingly, the court hereby orders the Defendant to file a written response to this Order to Show Cause, setting forth the reason(s) his § 2255 motion was filed beyond the limitations period.[2]

The Defendant is cautioned against making any argument that the delay in filing his § 2255 motion relates to his request for transcripts in his October 4, 2010 letter. *See* Docket No. 147. In this letter, the Defendant requested a copy of the transcripts from his change of plea hearing and his sentencing, as well as a copy of his plea agreement.

Even construing this letter liberally as a motion requesting transcripts, *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008), the Petitioner's § 2255 motion is premature. Filing a § 2255 motion is a prerequisite to filing a motion for transcripts.[3] *See* 28 U.S.C. § 753(f). It is undisputed that the Defendant's letter requesting transcripts was filed *before* his § 2255 motion.

---

could have been discovered through the exercise of due diligence.

[2] In this response, the Defendant may wish to explain any actions demonstrating that he has been diligently pursuing his rights. *Bryant v. Arizona Att'y Gen'l*, 499 F.3d 1056, 1051 (9th Cir. 2007). He may also wish to explain any "extraordinary circumstances" beyond his control that made it "impossible" to timely file his motion. *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003); *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[3] 28 U.S.C. § 753(f) states in relevant part:

Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

*See* Docket Nos. 147 and 148.

A court may consider an indigent defendant's request for transcripts only after the defendant has filed a § 2255 motion that raises non-frivolous issues. *See United States v. MacCollom*, 426 U.S. 317, 325 (1976); *see also United States v. Audia*, No. 95-50613, 1996 WL 337074, *1 (9th Cir. June 18, 1996) ("Section 735(f) does not authorize the district court to order payment for transcripts if the defendant has not yet filed a collateral attack on his conviction or sentence under § 2255."). *United States v. Olsen*, No. 92-35513, 1993 WL 59382, *1 (9th Cir. March 5, 1993) ("Section 753(f) does not authorize the district court to order payment for transcripts if the defendant has not yet filed a section 2255 motion."); *United States v. Freeman*, No. 94-10092, 1995 WL 82683, *1 (9th Cir. March 1, 1995) ("Under the applicable statute, 28 U.S.C. § 753(f), the district court is not authorized to order payment for transcripts before a defendant has filed a section 2255 motion raising non-frivolous issues which require a transcript for judicial review.").

The federal circuits are in accord, and agree that a request for transcripts is premature until a § 2255 motion has been filed.[4] To the extent that the Defendant's October 4, 2010 letter is construed as a motion for transcripts, such motion is denied.[5] Therefore, the Defendant is precluded from arguing that the delay in filing his § 2255 motion relates to his request for transcripts.

---

[4] *See, e.g. United States v. Horvath*, 157 F.3d 131, 133 (2d Cir. 1998) ("We hold that a motion seeking transcripts pursuant to § 753(f) in relation to a contemplated § 2255 motion is not ripe until the § 2255 motion has been filed."); *Chapman v. United States*, 55 F.3d 390, 390 (8th Cir. 1995) (recognizing that "any request for a free transcript prior to the filing of a section 2255 complaint is premature") (quoting *United States v. Losing*, 601 F.2d 351, 352 (8th Cir.1979)); *United States v. Shaid*, 916 F.2d 984, 988 (5th Cir. 1990) (recognizing that § 753(f) "authorize[s] the government to pay transcript fees for those prisoners bringing cases under § 2255"); *United States ex rel. Davidson v. Wilkinson*, 618 F.2d 1215, 1219 (7th Cir. 1980) ("Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript . . . .").

[5] The court notes that on January 10, 2011, the Defendant filed a pleading styled as a "Motion for Production of Documents," which may be construed as a motion for transcripts pursuant to 28 U.S.C. § 753(f). *See* Docket No. 153.

In conclusion, the Defendant is hereby ordered to file a response to this Order to Show Cause within forty-five (45) days of this Order, or the case shall be dismissed.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
      Chief Judge
**Dated: Apr 13, 2011**