Joshua J.C. Ulloa
Fed. Reg. No. 02758-093
Federal Correctional Institution Yazoo
(Satellite Camp)
P.O. Box 5000
Yazoo City, MS 39194

Pro-Se.



**FILED**

DISTRICT COURT OF GUAM

JUL 26 2011

JEANNE G. QUINATA
CLERK OF COURT

**UNITED STATES DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        vs.<br><br>JOSHUA J.C. ULLOA,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil No.   10-00028; 10-00029.
Criminal No.  07-00111; 0800013.

**(Hon. Chief, Judge Tydingco-Gatewood)**

<hr>

## PETITIONER'S REPLY TO ORDER TO SHOW CAUSE

COMES NOW, Defendant Joshua J.C. Ulloa, (Hereinafter "Ulloa"),
proceeding pro-se, an incarcerated federal prisoner presently housed at
the Federal Correctional Institution Yazoo (Satellite Camp),located in
Yazoo City, Mississippi, hereby moves this Honorable Court to grant the 28
U.S.C. §2255 motion to proceed forward after review of the instant reply.

Mr. Ulloa is serving a (87) month term of imprisonment for a
conviction of Drug User In Possession of a Firearm (Count 1), in violation
of 18 U.S.C. §922 (G)(3) and 18 U.S.C. §924 (A)(2); Conspiracy To
Manufacture Methamphetamine 21 U.S.C. §841 (A)(1) and 18 U.S.C. §846.

Mr. Ulloa respectfully files the instant reply to the district
court's order to show cause issued on April 13, 2011.  **(Doc. 58, Order To
Show Cause)**.  The following facts with supporting exhibits will
demonstrate the timely filing pursuant to 28 U.S.C. §2255 (f)'s one year
statutory limitation.  Pleading presented by pro-se

litigants should be construed more liberally then if counsel drafted them. **Haines v. Kerner,** 520, 92 S. Ct. 594, 30 L.Ed 2d. 652 (1972).

## Statement of Fact

1. On June 2, 2010, Mr. Ulloa completed and signed a form styled Motion To Vacate Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The form styled § 2255 motion set forth the general issues, and acknowledged a forthcoming brief in supporting filing. **(Case Docket #1:08-cr-00013; Entry 148, § 2255 Form Motion).**

2. On June 3, 2010, at 5:56 a.m., Mr. Ulloa provided the USP Lompoc (L-Unit) officer a sealed pre-postage affixed envelope addressed to the United States District Court's Clerk of Court with a copy of the § 2255 from motion enclosed. The legal mail was provided to the officer in accordance with legal mail procedures established by institutional officials. [1] **(Doc. 148, § 2255 Form Motion & Certificate of Service), (Doc. 52, § 2255 Form Motion).**

3. On June 9, 2010, at 6:00 a.m. (approximately seven days later) Mr. Ulloa provided USP Lompoc (L-Unit) officer a sealed pre-paid postage affixed envelope to the United States District Court's Clerk of Court with three copies of a brief un support of his 28 U.S.C. § 2255 motion. This legal mail was provided to the officer in accordance with legal mail procedures. **(Doc. 148, § 2255 Brief In Support), (Doc. 52, § 2255 Form Motion).**

4. On or about November 9, 2010., Mr. Ulloa received a filed copy of the § 2255 Form Motion from the pro-se clerk of court for the United States District of Guam. **(Doc.     , Correspondence From Clerk).** Mr. Ulloa immediately forwarded an inquiry letter to the pro-se clerk of court in reference to the filing delay. **(Doc.     , Correspondence To Clerk).**

---

1/ The Federal Bureau of Prison permits each institution to establish internal legal mail procedures for the processing of legal mail. Each institutions procedure differ from other institutions. However, the (24) hour mail process-ing rule is mandated by FBOP PS #5100.10 (mail Management Manual) are the same for all federal institutions.

/ **Mr. Ulloa has two docket case numbers, there is considerable confusing on citing docket entries.**

5. On or about November 22-25, 2010., the pro-se clerk responded with a letter, and photo copy of the post marked envelope. **(Doc.** , **Correspondence From Clerk).**

6. On November 29, 2010., after concluding the delay occurred with USP Lompoc staff, Mr. Ulloa immediately filed a complaint through the administrative remedy procedure. **(Exh. A, BP-8 Informal Resolution).**

7. On December 7, 2010., USP Lompoc Counselor M. Wilfing responded to the BP-8 Informal Resolution stating in pertinent part that the mailroom does not maintain an outgoing legal mail log book. **(Exh. A, BP-8 Informal Resolution Response).**

8. On December 10, 2010., Mr. Ulloa filed a BP-9 Complaint through the administrative remedy procedure claiming USP Lompoc staff violated the Federal Bureau of Prison Policy Statement #5100.10 (Mail Management) by not forwarding the said legal mail within the (24) hour permissible time frame. **(Exh. B, BP-9 Complaint).**

9. On December 22, 2010., the administrative remedy coordinator rejected remedy identification number 619699, as untimely on the basis of the BP-9 complaint not being filed within (20) days of incident. **(Exh. C, Rejection Notice).**

10. On January 5, 2010., Mr. Ulloa forwarded another inmate request to the administrative remedy coordinator in relation to the complaint being timely filed from the date of receipt from the clerk of court. **(Exh. D, Inmate Request).**

11. On January 11, 2011., Administrative Remedy Coordinator Melinda Clark again rejected Mr. Ulloa's attempt to explain and re-file the BP-9. In addition, Ms. Clark confirmed that USP Lompoc does not maintain a legal mail log book. (Exh. E-1, E-2, Response To Inmate Request).

12. On January 10, 2011., Mr. Ulloa attempted to appeal USP Lompoc's decision to the Western Regional Office. The Regional Director summarily affirmed the rejection. **(Exh. F, BP-10 Complaint), (Exh. G, Rejection Notice).**

--3--

12. On January 20, 2010., Mr. Ulloa filed a BP-11 complaint with the Federal Bureau
    of prison (Central Office) reiterating the violations of USP Lompoc staff. On
    April 29, 2011., the Central Office rejected Mr. Ulloa's filing as untimely.
    (Exh. H, BP-11 Complaint), (Exh. I, Central Office Rejection Notice).

## Issue

II. MR. ULLOA'S 28 U.S.C. § 2255 FORM MOTION PROVIDED TO PRISON AUTHORITIES
    BEFORE THE ONE YEAR STATUTORY AEDPA LIMITATION IS DEEMED TIMELY FILED
    IN ACCORDANCE TO THE SUPREME COURT'S MAILBOX RULE

### A. Standard of Review:

In **Houston v. Lack,** the Supreme Court held that a pro-se habea's petitioner's
notice of appeal is deemed filed on the date of its submission to prison authorities
for mailing. **Houston v. Lack,** 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L.Ed.
2d. 245 (1988). Under the "mailbox rule," which "applies to federal and state
petitions alike [,]". **Campbell v. Henry,** 614 F.3d 1056, 1059 (9th Cir. 2010);
**Ramirez v. Yates,** 571 F.3d 993, 996 n.1 (9th Cir. 2009); **Jenkins v. Johnson,** 330
F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by **Pace v. DiGulie-**
**lmo,** 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 996 (2005).

### B. Legal Discussion:

### i. Timeliness of Habeas Filing:

The district court's order to show cause is to discern the timeliness of the
§ 2255 motion formly filed in the Clerks Office on November 1, 2010. **(Doc. 148, §
2255 Form Motion).** Mr. Ulloa presents evidence indicating the extraordinary delay
in prison authorities posting the legal mail stems from deficiences, gross
negligences, and lack of accountability in the mail processing chain. [2]

---

2/ Lompoc Federal Complex is composed of four facilities. All mail functions are
   are consolidate through the FCC Low for cost efficiency. At the time Mr. Ulloa
   provided the initial § 2255 form motion to prison officials he was housed at
   USP Lompoc.

--4--

Mr. Ulloa contends his § 2255 Form Motion was provided to prison authorities on June 3, 2010, for posting with the United States Postal Service in accordance with legal mail procedures established by USP Lompoc officials. [3] Mr. Ulloa contends timely providing the § 2255 Form Motion to prison authorities devoids him of liability. Under the "mailbox rule" which applies to federal and state petitions, the habeas § 2255 motion is deemed filed at the moment Mr. Ulloa delivered it to prison authorities for forwarding to the clerk of courts, not when the petition is filed by the Court. **Ramirez v. Yates,** 571 F.3d 993, 996 n.1 (9th Cir. 2009) (internal quotation marks and citation omitted).

To benefit from the mailbox rule, Mr. Ulloa must meet two requirements. First, Mr. Ulloa must be proceeding without counsel. Second, Mr. Ulloa must have delivered the petition to prison authorities for forwarding to the Court within the limitation period. Here only the second requirment is in question.

As stated above, Mr. Ulloa provided the § 2255 motion to prison authorities for forwarding to the Clerk of Court on June 3, 2010. Exactly ten days before the statutory limitation expired for filing. In November of 2010, after receiving a filed copy of the § 2255 motion, a inquiry correspondence to discern the orgin of delay. **(Criminal Docket 1:08-cr-00013, Entry 147).** [4]

Shortly thereafter, Mr. Ulloa initiated the filing of an administrative remedy complaint against USP Lompoc prison officials for violation of the FBOP Policy Statement for § 5100.10 (Mail Management). Essentially this complaint addressed the delayed legal mail processing of Mr. Ulloa's § 2255 Form Motion. Counselor Wilfing's BP-8 Informal Resolution Response informed Mr. Ulloa that USP Lompoc does not maintain a legal mail log book. Subsequent administrative remedy filings were barred as untimely. **(Exh. A thru. I, Administrative Remedy Complaints, Correspondences, & Rejections).**

---

3/ Citing docket number 1:07-cr-00111-1, Entry #47, the district court sentenced Mr. Ulloa on June 4, 2009. The Court entered the Judgment & Commitment Order on June 11, 2009. (Doc. 48, Judgment & Commitment Order).

4/ There are two docket case numbers in Mr. Ulloa's case, although confusing some entries are not listed on docket number 1:07-cr-00111-01. Therefore, docket number 1:08-cr-00013 has been cited above.

From the date Mr. Ulloa received a file copy of the § 2255 Form Motion from the Pro-Se Clerk of Court his actions demonstrate diligences in seeking the orgin of delay, and addressing the matter. The exhibits cited as administrative remedy complaint filings are indicative of his attempt to address prison authorities deficiencies in a grossly inadequate legal mail processing chain, only to be time barred. These extraordinary circumstances which Mr. Ulloa could not control caused a delayed filing of the § 2255 Form Motion in the Clerk of Courts Office. Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); See: Houston v. Lack, 487 U.S. at 271, 108 S. Ct. at 2382.

The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. In the absence of evidence to the contrary, a petition may be deemed delivered to prison authorities on the day the petition was signed. Safford v. Newland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Porter III v. Ollison, 620 F.3d 952, 955 n. 2 (9th Cir. 2010, as amended 2010 U.S. App. LEXIS 18184, August 26, 2010).

In the case in chief, there is no evidence contradicting the fact that Mr. Ulloa provide prison authorities his § 2255 Form Motion on June 3, 2010. Absent any evidence to the contrary Mr. Ulloa respectfully ask this Court to treat June 3, 2010, as the constructive filing date. In fact, June 3, 2010, is the earliest date in which the motion could have been provide to prison authorities for forwarding. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

In conclusion, Mr. Ulloa respectfully ask the Court to treat June 3, 2010, as the constructive filing date, and permit the § 2255 motion to proceed.

---

5/ As a safety precaution Mr. Ulloa's paralegal always places the start and complete date on the top of the petition or in the back. A review of the motion should show a completion date of June 2, 2010. (Doc. 148, § 2255 Form Motion). Lastly, USP Lompoc's legal procedure permits inmates to provide unit officers legal mail Mon-Fri, between 5:45 a.m. and 6:30 a.m. only. Therefore, June 3, 2010, could have been the earliest date in which the motion could be provided to authorities.

II. **MR. ULLOA RESPECTFULLY REQUEST RECONSIDERATION OF HIS MOTION FOR PRODUCTION OF DOCUMENTS IF THE COURT FINDS THE CONSTRUCTIVE FILING DATE TIMELY**

## A. Standard of Review:

In **United States v. McCollom,** 426 U.S. 317, 326, 96 S. Ct. 2086, 48 L.Ed. 2d. 666 (1976), the Supreme Court upheld 28 U.S.C. § 753(h), which allowed a free copy of transcripts for federal habeas petitioner who demonstrated the petition was not frivolous and was necessary to its disposition. In addition, documents and/or transcripts are only provided at government expense upon a particularized need for the documents which are necessary to decided issues in non-frivolous pending cases. Id. at 323-330. See also: **United States v. Van Poyck.** 980 F. Supp. 1108, 1111 n. 2 (C.D. Cal. 1997); **United States ex rel. Davidson v. Wilkinson,** 618 F.2d 1215, 1219 (7th Cir. 1980) ("Once a § 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript....")

## B. Legal Discussion:

The reconsideration for production of documents may only be considered if this Court deems the constructive filing date in favor of Mr. Ulloa. Otherwise this request may be considered moot.

Mr. Ulloa argues that the Rule 11 Colloquy, and Sentencing Transcripts are pertinent to him demonstrating counsel's uncontroverted ineffective assistance in failing to object to a (14) level enhancement in violation of the double jeopardy provisions after having been convicted of the same offenses in the Superior Court of Guam.

Under applicable statute 28 U.S.C. § 753(f), the district court is not authorized to order payment for transcripts before a defendant has filed a section 2255 motion raising non-frivolous issues that require a transcript for judicial review. **United States v. McCollom,** 426 U.S. 317, 321, 48 L.Ed. 2d 666, 96 S. Ct. 2086 (1976).

If this Court deems the evidence supporting Mr. Ulloa's constructive filing date creditable then this Court is asked to grant the previously filed Motion For Production of Documents that fall within the narrow exceptions that are contemplated by § 753(f), which describe the procedure for obtaining transcripts at government expense in the context of criminal or habeas proceedings. See: 28 **U.S.C.** § **753(f).**

In conclusion, Mr. Ulloa respectfully ask this Court to grant his request for reconsideration of production of documents.

## CONCLUSION

**WHEREFORE,** the foregoing Mr. Ulloa respectfully prays this Court permit the § 2255 motion to proceed, and grant his request for transcripts.

Respectfully submitted,

Date: July 15, 2011.

Mr. Joshua J.C. Ulloa.

## CERTIFICATE OF SERVICE

I, Joshua J.C. Ulloa, declare that under penalty of perjury a true and correct copy of the enclosed Petitioner's Reply To Order To Show Cause has been forwarded to the parties listed below.

United States Attorney's Office
Attn: AUSA Rosetta San Nicolas
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue.
Hagatna, Guam 96910

Date: July 15, 2011.

Mr. Joshua J.C. Ulloa.

--8--

.Joshua J.C. Ulloa
Reg. No. 02758-093
Federal Correctional Institution Yazoo
(Satellite Camp)
P.O. Box 5000
Yazoo City, MS 39194

Pro-Se.

## UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Civil No. 10-00028; 10-00029. |
| | ) | Criminal No. 07-00111; 0800013. |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| JOSHUA J.C. ULLOA, | ) | **(Hon. Chief Judge Tydingco-Gatewood)** |
| Defendant. | ) | |
| | ) | |

**APPENDIX**

**(EXHIBITS A thru. I)**

EXHIBIT ( A )

INFORMAL RESOLUTION

DATE: November 29, 2010.

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE
ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT BE INFORMALLY
RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM,
EXCEPT THOSE APPEALING UDC/IDC ACTIONS. INFORMAL RESOLUTION FORMS WILL
NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Joshua J.C. Ulloa          REG. NO.: 02758-093          UNIT: L

DATE BP-9 REQUESTED: _____

DATE BP-9 ISSUED : _____

DATE BP-9 RETURNED : _____

INMATE'S COMPLAINT: This complaint is to address the inadequate mail processing of
ime sensitive legal mail forwarded to the United States District Court of Guam on June 3, 2010.
owever, the mail was not received or filed by the district court until November 1, 2010. Once,
n inmate provides unit officers their legal mail, BOP policy mandates the mail be forwarded with
4 hours. In the instant matter, the LOMPOC complex has one mailroom for (4) facilities, creating
onditions for misplaced, lost mail, or significant delays in time sensitive mail as is the case
efore us. Mr. Ulloa request a copy of the mail log for outgoing legal mail to determine whether
is legal mail was forwarded on June 3, 2010, or delayed through some other institution security
rocess.

RELIEF REQUESTED:
copy of the legal mail log to determine what day staff mailed the legal mail to the district
ourt.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: A review of this matter was
conducted. The mailroom does not keep a Log Book of legal mail received
from inmates in the institution, only certified letters are logged in a
Log book (ie accountable mail)

CORRECTIONAL COUNSELOR: M. Wyly M Writing DATE: 12/7/10

UNIT MANAGER'S COMMENTS/ASSISTANCE:

UNIT MANAGER: _____ DATE: 12/7/10

EXHIBIT (B)

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Ulloa, Joshua, J.C. | 02758-093 | L | USP LOMPOC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**    The instant BP-9 is being filed to address USP LOMPOC's staff of untime forwarding time sensitive legal mail provided to L-Unit officers for forwarding to the District Cou of Guam on June 3, 2010. Inmate Ulloa contends officers mishandled his "Special Mail" filing to the District Court of Guam in violation of BOP Policy Statement §5800.10 Mail Management which ultimately created a lapse in the filing of the motion to the U.S. District Court.

## STATEMENT OF CASE
On June 1, 2010, Inmate Ulloa began a legal document which was completed and copied on June 2, 2010. Ulloa provided the documents to the morning L-Unit officer on June 3, 2010, and presumed they would be forwarded according to policy. On November 7, 2010, Ulloa received a stamped copy, and letter from the clerk of court. Immediately, thereafter Ulloa filed a BP-8½ Informal Resolution to pursue the violation of BOP Policy by USP LOMPOC staff.

## BOP POLICY
BOP POLICY STATEMENT §5800.10 Mail Management Manual states: Inmate correspondence shall ordinarily be processed and delivered within 24 hours. **Special Mail and Legal Mail** are afforded priority and every reasonable effort shall be made to assure delivery of Special Mail within 24 hours. Delivery time is essential in the filing of court documents or other legal papers, therefore mail room staff, as well as staff making the delivery must adhere to delivery time frames for speci mail.

## ARGUMENT
~~In the case-in-chief, Ulloa provided the mail to the unit officer~~ the mail chai
the ~~"Special Mail or Legal Mail" was delayed, or misplaced. This resulted in an extended of Ulloa's~~
case~~PatilehRESPONSE~~may not effect his case, but is definitely a violation of BOP Policy which shoul
be corrected. Mr. Ulloa request a copy of the mail log as confirmation for his filing being mailed
on June 3, 2010. Your time is greatly appreciated in respects to this matter.
December 10, 2010.                                                    /s/ _____

RECEIVED

DEC 2 2 2010

LEGAL DEPARTMENT
FCC LOMPOC

| DATE | | WARDEN OR REGIONAL DIRECTOR |
|---|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 619699F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) | |
|---|---|---|---|

USP LVN                                                                      BP-229(13)
                                                                             APRIL 1982

EXHIBIT (C)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 22, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LOMPOC FCI

TO : JOSHUA J C ULLOA, 02758-093
     LOMPOC FCI     UNT: B     QTR: K02-011U
     3600 GUARD ROAD
     LOMPOC, CA 93436

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 619699-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : DECEMBER 22, 2010
SUBJECT 1       : SPECIAL/LEGAL MAIL
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : ALLEGES STAFF FORWARDING SENS. LEGAL MAIL TIMELY
                  SEEKS COPIES OF LOG BOOK

C

E X H I B I T  ( D )

**U.S. DEPARTMENT OF JUSTICE**                    JAN  9 FEDERAL BUREAU OF PRISONS

FCC LOMPOC

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. Nodle     (Administrative Remedy Coordinator) | January 05, 2011. |
| FROM:<br>Joshua Ulloa | REGISTER NO.:<br>02758-093 |
| WORK ASSIGNMENT:<br>Unassigned | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

    Dear Ms. Nodle; Several days ago, I forwarded a letter to your office explaining
why my administrative remedy was timely filed. In your response you stated that, since I'd
discovered the error on November 1, 2010, and didn't file the BP-8½ until November 29, 2010
my appeal was untimely. I would like to provide you with the correct information. The motion
was filed by the court on November 1, 2010, the clerk of court forwarded a copy of the stamp
motion from Guam the following day. Mail from Guam takes at least (10) days to reach the
United States (California). After receiving the motion, I immediately filed the BP-8½.
Therefore, the theory that I discovered the information on November 1, 2010, on the same
day it was stamped by the court is incorrect, and I would respectfully ask for permission
to _____. For record purposes, I received the motion from the district
court of Guam on December 13, 2010. I thank you for your time in respects to this matter:

    (Do not write below this line)

DISPOSITION:

    See the attached response

| Signature Staff Member | Date |
|---|---|
|  | 1/12/11 |

Record Copy - File; Copy - Inmate

E X H I B I T  ( E )

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

INMATE NAME:  ULLOA, Joshua  K-2  REGISTER NUMBER: 02758-093

HOUSING UNIT: FCI/K Unit                     DATE OF REQUEST: 12-28-2010


This is in response to your Inmate Request to Staff Member,
dated December 28, 2010, in which you request a re-review of a
rejected Administrative Remedy 619699-F1, for being filed
untimely.

A review of this matter reveals the following.  Administrative
Remedy 619699-F1 was received by this office on December 22,
2010.  You became aware of the incident from the clerk of the
court on November 7, 2010.  You filed an informal resolution
with your counselor on November 29, 2010, regarding this issue.
Based on the date you became of aware of the incident and the
date you filed an informal resolution is over the 20 day period.
Your Request for Administrative Remedy is considered untimely.

I trust this addresses your concerns.

Melinda Clark,
Administrative Remedy Coordinator

Date 1/3/10

E-1

## RESPONSE TO INMATE REQUEST TO STAFF

NAME: ULLOA, Joshua

REGISTER NUMBER: 02758-093

HOUSING UNIT: FCI/K Unit

DATE OF REQUEST: 01-05-2011

This is in response to your Inmate Request to Staff Member, received on January 9, 2011, requesting reconsideration for your Request for Administrative Remedy 619699-F1, which was rejected for being untimely. The rejection was based on the dates you provided along with the dated documentation.

In this request for re-review, you specify an error was made and clarified you received the motion from the district court of Guam on "December 13, 2010," which is past the date of the initial Informal Resolution, dated November 29, 2010, and signed by staff on December 7, 2010. These continued contradictions in dates offer no compelling reason to warrant an exception to policy.

Additionally, as provided in the Informal Resolution, the relief you seek for a copy of the legal mail log is not feasible due to the mail room only maintaining a log for certified correspondence.

I trust this response has addressed your concerns.

Melinda Clark,
Administrative Remedy Coordinator

___1/11/2011___
Date

E-2

EXHIBIT (F)

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Ulloa, Joshua, J.C. | 02758-093 | K02-011U | FCI LOMPOC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** The instant BP-10 is being to address the Warden's denial of Ulloa's .ime sensitive legal mail provided to USP LOMPOC staff/officers for forwarding to the District Cou f Guam on June 3, 2010. Inmate Ulloa contends officers mishandled his "Special Mail" filing to th istrict Court of Guam in violation of BOP Policy Statement §5800.10 Mail Management which ultimat .reated a lapse in the filing of the motion to the U.S. District Court.

### STATEMENT OF CASE
On June 1, 2010, Inmate Ulloa began a legal document which was completed and copied on June . 010. Ulloa provided the documents to the morning L-Unit officer on June 3, 2010, and presumed the ould be forwarded according to policy. On November 7, 2010, Ulloa received a stamp copy, and lett rom the clerk of court. Immediately, thereafter Ulloa filed a BP-8½ Informal Resolution to pursue he violation of BOP Policy by USP LOMPOC staff.

### BOP POLICY
BOP POLICY STATEMENT §5800.10 Mail Management Manual states: Inmate correspondence shall rdinarily be processed and delivered within 24 hours. **Special Mail and/or Legal Mail** are afforded riority and every effort shall be made to ensure delivery within 24 hours. Delivery time is essen ial in the filing of court documents. In the case in chief, after Ulloa provided the special mail -Unit officer, somewhere in the mail chain a disruption occurred creating a lapse in the filing o lloa's legal mail. Ulloa respectfully files the complaint against officers for delaying the proces f his legal mail.                                         xx

| January ~~0~~OF 2011 | SIGNATURE OF REQUESTOR |
|---|---|

Part B—RESPONSE

WESTERN REGIONAL OFFICE

JAN 1 9 2011

RECEIVED

| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 619699-R

Part C—RECEIPT

CASE NUMBER: _____

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

F

EXHIBIT ( G )

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 3, 2011

*Harlan W. Penn*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
WESTERN REGIONAL OFFICE

TO : JOSHUA J C ULLOA, 02758-093
LOMPOC FCI     UNT: B     QTR: K02-011U
3600 GUARD ROAD
LOMPOC, CA 93436

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 619699-R1       REGIONAL APPEAL
DATE RECEIVED   : JANUARY 19, 2011
SUBJECT 1       : SPECIAL/LEGAL MAIL
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : ALLEGES STAFF FORWARDING SENS. LEGAL MAIL TIMELY
                  SEEKS COPIES OF LOG BOOK

G

EXHIBIT ( H )

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Ulloa, Joshua J.C.**      **02758-093**      **K02-011U**      **FIC LOMPOC**
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** The instant BP-11 is being filed to address the Regional's denial of Ulloa time sensitive legal mail provided to USP LOMPOC staff/officers for forwarding to the District Court of Guam on June 3, 2010. Inmate Ulloa contends officers mishandled his "Special Mail" filing to the District Court of Guam in violation of BOP Policy Statement §5800.10 Mail Management which ultimate created a lapse in the filing of the motion to the U.S. District Court.

STATEMENT OF CASE

On June 1, 2010, Inmate Ulloa began a legal document which was completed and copied on June 2, 2010. Ulloa provided the documents to the morning L-Unit officer on June 3, 2010, and presumed they would be forwarded according to policy. On November 7, 2010, Ulloa received a stamp copy, and lette from the clerk of court. Immediately, thereafter Ulloa filed a BP-8½ Informal Resolution to pursue the violation of BOP Policy by USP LOMPOC staff.

BOP POLICY

BOP POLICY STATEMENT §5800.10 Mail Management Manual states: Inmate correspondence shall ordinrily be processed and delivered within 24 hours. **Special Mail and/or Legal Mail** are afforded priori and every effort shall be made to ensure delivery within 24 hours. Delivery time is essential in th case in chief. In the case in chief, after Ulloa provided the special mail to L-Unit of icer, somewhere in the mail chain a disruption occurred creating a lapse in the filing of Ulloa's legal mail. Ulloa respectfully files the complaint against officers for delaying the processing of legal mail.

_April 20, 2011_                xx _Ulloa_
     DATE                               SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED

APR 2 5 2011

Administrative Remedy Section
Federal Bureau of Prisons

_____ DATE _____         GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE         CASE NUMBER: _____

Part C—RECEIPT

                                  CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____ DATE _____     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP-231(13)
USP LVN                                         APRIL 1982

EXHIBIT ( I )

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 29, 2011

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSHUA J C ULLOA, 02758-093
      LOMPOC FCI    UNT: B    QTR: K02-011U
      3600 GUARD ROAD
      LOMPOC, CA 93436


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 619699-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : APRIL 25, 2011
SUBJECT 1       : SPECIAL/LEGAL MAIL
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : YOU MUST COMPLETE THE APPEAL PROCESS AT THE
                  INSTITUTION LEVEL BEFORE APPEALING TO THE REGION AND
                  THE CENTRAL OFFICE.


# RECEIVED

MAY 3 - 2011

## LEGAL DEPARTMENT
FCC LOMPOC

Joshua J.C. Ulloa
Reg No. 02758-093
FCI Yazoo
(Satelite Camp)
P.O. Box 5000
Yazoo City, MS 39194

July 15, 2011.

RECEIVED

JUL 26 2011

DISTRICT COURT OF GUAM
HAGÅTÑA, GUAM

To:  United States District Court of Guam
     Attn: Clerk of Court
     4th Floor, U.S. Courthouse
     520 West Soledad Avenue.
     Hagatna, Guam 96910

Re:  **USA v. Joshua J.C. Ulloa**
     **Civil No. 10-00028; 10-00029**

            Dear Clerk of Court;

            Good Morning! I'm corresponding with your office to file the enclosed Reply
To Order To Show Cause. I have enclosed (3) copies of the instant motion, and ask
that your office please return a filed copy to the address listed above.

            If there are any problems please contact me immediately. I thank you in
advance for your assistance in respects to this matter.

                                        Cordially,

                                        Joshua J.C. Ulloa.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments.

EP14F

$10.10
0007 7029-03



PLEASE PRESS FIRMLY

7001 2510 0001 8851 2467

## Mailing Envelope

**For Domestic and International Use**

Visit us at usps.com

From/Expéditeur:

To/Destin



ED STATES POSTAL SERVICE

ount of mailable material may be enclosed, as long
nvelope is not modified, and the contents are
confined within the envelope with the adhesive
d as the means of closure.

NATIONAL RESTRICTIONS APPLY

JUL 24 2011

RECEIVED
COURT OF GUAM
HAGÅTÑA, GUAM

UND WEIGHT LIMIT ON
NATIONAL APPLIES

ns forms are required. Consult the
tional Mail Manual (IMM) at pe.usps.gov.
a retail associate for details.

RETURN RECEIPT
REQUESTED

Country c



USPS packaging products have been awarded Cradle
to Cradle Certification™ for their ecologically-intelligent
design. For more information go to mbdc.com/usps
Cradle to Cradle CertifiedCM is a certification mark of MBDC.

Recycled
Paper



RETURN RECEIPT
REQUESTED



### PRIORITY MAIL®

**For Domestic
and International Use**

UNITED STATES POSTAL SERVICE

From
JOSHUA JC KLUGA # 02758-093
REG. NO 02758-093
FEDERAL CORRECTIONAL INSTITUTION YAZOO
(SATELLITE CAMP)
PO BOX 5000
YAZOO CITY, MS 39194

**TO** UNITED STATES DISTRICT COURT OF GUAM
ATTN: CLERK OF COURT
4TH FLOOR, US COURTHOUSE
520 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

Label 228, January 2008

Joshua J.C. Ulloa #02758-093
Reg. No. 02758-093
Federal Correctional Institution Yazoo
(Satelite Camp)
P.O. Box 5000
Yazoo City, MS 39194

# RECEIVED

JUL 26 2011

DISTRICT COURT OF GUAM
HAGÅTÑA, GUAM

To:    United States District Court of Guam
       Attn: Clerk of Court
       4th Floor, U.S. Courthouse
       520 West Soledad Avenue.
       Hagatna, Guam  96910

****************************

L E G A L   M A I L

****************************