ulloaosc

ALICIA A.G. LIMTIACO
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08-00013-001 |
| ) | Civil Case No. 10-00029 |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | **RESPONSE TO DEFENDANT-** |
| ) | **PETITIONER'S REPLY TO ORDER** |
| ) | **TO SHOW CAUSE** |
| JOSHUA J.C. ULLOA, ) | |
| ) | |
| Defendant-Petitioner. ) | |
| _____ ) | |

Pursuant to Rule 5 of the Rules Governing Proceedings in the United States District Courts under Title 28, United States Code, Section 2255, the United States hereby files this response to Defendant-Petitioner's Reply to Order to Show Cause.

**ARGUMENT**

On October 9, 2007, defendant was indicted of Drug User in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) and 2 in Criminal Case No. 07-00111.

On February 13, 2008, defendant was indicted in Criminal Case No. 08-00013 of Conspiracy to Manufacture Methamphetamine; in violation of 21 U.S.C. §§ 841(a)(1) and 846;

-1-

Aiding and Abetting the Attempted Manufacture of Methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846; and Establishment of Manufacturing Operations, in violation of 21 U.S.C. § 856(a)(2). *See* Docket No. 1.

On March 6, 2008, before the Magistrate Judge, he entered a guilty plea to Drug User in Possession of a Firearm. On March 11, 2008, before the Magistrate Judge, he entered a guilty plea to Conspiracy to Manufacture Methamphetamine. His guilty pleas were accepted by the Chief Judge on April 8, 2008. *See* Docket Nos. 35 and 58.

On June 4, 2009, the court sentenced Defendant to 87 months of imprisonment. *See* Case 1:07-cr-00111 Docket 48, Case 1:08-cr-00013 Docket No. 134. On June 11, 2009, the judgments in the defendant's cases were filed. *See* Case 1:07-cr-00111 Docket No. 50 and Case 1:08-cr-00013 Docket No. 136.

On November 1, 2010, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *See* Docket No. 148

On April 13, 2011, the District Court *sua sponte* raised the issue of the statute of limitations. Rather than dismissing the case, the Court issued an Order to Show Cause ordering the Defendant to file a written response setting forth the reasons his § 2255 motion was filed beyond the one year limitations period. *See* Document 155.

On July 26, 2011, Defendant filed a Reply to the Order to Show Cause. *See* Document 162.

**A.** **<u>Defendant Has Demonstrated Good Cause for the Delay.</u>**

Title 28 U.S.C. § 2255(f) states:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R. App. P. 4(b)(1)(A)(I), (6). The District Court filed its judgment on June 11, 2009 and Petitioner did not file a direct appeal. As a result, the Court's Judgment became final, for purposes of filing a motion under § 2255, ten business days after its entry, i.e. on June 21, 2009. Strickland v. United States, 2011 WL 3444116 (W.D.N.C.). Therefore, Petitioner had up to and including June 21, 2010 in which to file his Motion to Vacate, Set Aside, or Correct Sentence.

However, on November 1, 2010, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 was filed. *See* Docket No. 148. Petitioner's Motion was filed approximately 131 days after the expiration of the one year term set in 28 U.S.C. § 2255(f).

Petitioner contends that he timely filed the Motion to Vacate, Set Aside, or Correct Sentence on June 3, 2010, on this date he provided the USP Lompoc (L-Unit) with the §2255 Motion and envelope addressed to the United States District Court. He contends that once he made his request, the prison officials impeded its timely delivery and that any delay on the part of prison officials is not within his control. Petitioner cites Houston v. Lack, 487 U.S. 266, 270 (1988), that the "mailbox rule" extends to prisoners filing pro se habeas petitions and that for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities, rather than when received by the district court clerk.

"To equitably toll AEDPA's one-year statute of limitation, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Bryant v. Schriro, 499 F.3d 1056, 1061 (9th Cir. 2007). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Id*. Equitable tolling of § 2244(d)(1)'s one year statute of limitations is

-3-

available "only in rare and exceptional circumstances." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003).

In Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999), petitioner handed his 28 U.S.C. § 2255 petition to prison officials. The prison officials delayed the filing of the petition by omitting to prepare a filing fee and delaying the mailing of the petition to the District Court. The Ninth Circuit held that the inmate who is dependent on the prison officials, whose delay was not within the petitioner's control is entitled to equitable tolling.

The Government concedes that Petitioner has adequately established that he has diligently pursued his rights, and that some extraordinary circumstance stood in the way of his timely filing. Petitioner's contention that he completed his § 2255 Motion which was provided to prison officials on June 3, 2010 finds support in the exhibits. *See* Document 148, Page 6 of 9. The Government has similarly received a similar copy of Petitioner's § 2255 Motion which bears a California stamp date of October 27, 2010. Support for Petitioner's argument is found in Exhibit A, which states "*The mail room does not keep a log book of outgoing legal mail received from inmates in the institution. Only certified letters are logged in the log book (i.e., accountable mail.)*" It appears that Petitioner has exercised due diligence by preparing the petition and providing it to prison officials on June 3, 2010. It is clear that what occurred after the petition was handed over is beyond petitioner's control. The petition was prepared in a timely fashion and provided to prison officials within the one year statute of limitations contained in 28 U.S.C. § 2255(f). The Government concedes that the doctrine of equitable tolling is applicable in this case.

//
//
//
//
//

-4-

Case 1:08-cr-00013  Document 165  Filed 01/12/12  Page 4 of 5

1   In the event the District Court orders the government to provide a response, the
2   Government reserves the right to file an objection to petitioner's Motion to Vacate, Set Aside, or
3   Correct Sentence under 28 U.S.C. § 2255.
4   　　Respectfully submitted this   12th   day of January 2012.

```
                                        ALICIA A.G. LIMTIACO
                                        United States Attorney
                                        Districts of Guam and NMI


                               By:      /s/ Rosetta L. San Nicolas
                                        ROSETTA L. SAN NICOLAS
                                        Assistant U.S. Attorney
```