Joshua J.C. Ulloa
Fed. Reg. No. 02758-093
FPC Yazoo (Satellite Camp)
P.O. Box 5000
Yazoo City, Mississippi 39194

Pro-Se.

FILED
DISTRICT COURT OF GUAM
JUN 1 1 2012
JEANNE G. QUINATA
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>vs.<br><br>JOSHUA J.C. ULLOA,<br><br>    Defendant-Petitioner. | Civil No's: 10-00028;<br>              10-00029.<br><br>Criminal No's: 07-00111-1;<br>                 08-00012-001.<br><br>(Hon. Judge Tydingco-Gatewood). |

### TRAVERSE IN OPPOSITION OF GOVERNMENT'S RESPONSE

COMES NOW, Joshua J.C. Ulloa, (Hereinafter "Ulloa"), proceeding pro-se, an incarcerated federal prisoner presently housed at FPC (Satellite Camp), located in Yazoo City, Mississippi, hereby moves this Honorable Court to grant his section 2255 motion.

Mr. Ulloa received the Government's reply on May 31st, 2012, and immediately files the instant traverse in opposition of the Government's reply. Initially, Mr. Ulloa filed the section 2255 motion challenging the alleged illegal sentence on the basis of defense counsel's ineffective assistance. Specifically, Mr. Ulloa claimed the following: (1) Defense counsel deprived him of effective assistance by failing to properly object to an inapplicable 14 level upward enhancement imposed in violation of the double jeopardy clause.

Mr. Ulloa respectfully submits the following in support of this Court granting his section 2255 motion.

## INTRODUCTION

The Government's version of events provide a distorted depiction of defense counsel's actual representation, and several significant concessions which essentially proves the ineffective claim. In this instance the facts, may only be mask to a certain point before the truth is revealed.

In the Government's reply the summarized background and reply revolves around the following concessions: (1) The Government argued for a sentence which included an upward departure for creating a substantial risk of harm to the life of a minor or an incompetent. See: **Gov. Peply, pg. 1-2;** (2) DEA Special Agent Thahn Churchin testified that five minor children were living within the residence. See: **Gov. Reply, pg. 1-2.** (3) Defense counsel Van de Veld noted that defendant was released in his first case. See: **Gov. Reply, pg. 2;** (4) The Court held defendant guilty of placing his children at serious risk and that sufficient facts supported the 2D1.1(10)(D) enhancement resulting in a base offense level of 27, criminal history category III, for a 87-108 month term of imprisonment. See: **Gov. Reply, pg. 2.** [1]

The Government's reply propounds that counsel inadvertently objected through subjecting Special Agent Churchin to cross examination, and ultimately argued for the minimum guideline sentence. See: **Gov. Reply, pg. 3.** Additionally, the Government alleges that only using the facts concerning the manufacturing of methamphetamine and the presence of chemicals as the basis for a sentencing enhancement does not constitute an additional prosecution even if it increases the cumulative punishment above the initial base offense level ("BOL"). See: **Gov. Reply, pg. 4.** With these two rationales the Government counters that defense counsel provided effective assistance.

Lastly, the Government cites a number of cases which are off point, and distinguishable from the case at bar. Presumably this appears to be the Government's red herring. Interestingly, the Government does not address a host of important factors: (1) Mr. Ulloa's plea of guilty in the Superior Court of Guam on March 24, 2009. See: **Pet. Br'f, Exh. B,**

---

1/ Many of the claims from the sentencing transcripts can not be *substantiated* until a copy has been reviewed. However, Mr. Ulloa recollection places a differing version of events. Mr. Ulloa further reserves the right to amend his section 2255 motion with newly available information upon receipt and review of the transcripts.

pg. 1. (2) The requirements of the Blockbuster Test to prove or disprove Mr. Ulloa's claim, or any other relevant arguments to rebut the facts alleged. Therefore, we will undertake the task for the Court which the Government as obviously negated to confront.

## ARGUMENT

I. MR. ULLOA IS ENTITLED TO BE RESENTENCED WHERE THE GOVERNMENT INADVERTENTLY CONCEDES TO COUNSEL'S INEFFECTIVENESS RESULTING IN A ILLEGAL 14 LEVEL UPWARD DEPARTURE IN VIOLATION OF THE DOUBLE JEOPARDY PROVISIONS

A. Standard of Review:

The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. **United States v. Halper,** 490 U.S. 435, 440, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989). The test to determine whether the punishment of a single course of conduct under two separate statutes violates double jeopardy "'is whether each provision requires proof of a fact which the other does not.'" **Missouri v. Hunter,** 459 U.S. 359, 366, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983) (quoting **Blockbuster v. United States,** 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

B. Legal Discussion:

In this case, Mr. Ulloa proposition is that defense counsel deprived him of effective assistance as guaranteed by the United States Constitution. As part of the Government's defense they candidly concede that counsel advised the district court that Mr. Ulloa was released from his first case. See: **Gov. Reply, pg. 2.** This very misinformation from defense counsel effectively resulted in the Court imposing the (14) level upward departure as will be discussed at length below.

Mr. Ulloa pled guilty in the Superior Court of Guam on March 24, 2009. See: **Pet. Br'f, Exh. B, pg. 1-2.** [2] Defense counsel unaware of these facts at the June 4, 2009,

---

2/ For double jeopardy purposes, once a guilty plea has been accepted, the defendant stands convicted. See: **United States v. Patterson,** 381 F.3d 859, 864 (9th Cir. 2004).

--3--

sentencing proceedings misadvised the Court that Mr. Ulloa had been released from his first case. Essentially, this meant that the Superior Court of Guam dismissed its charges, or relinquished jurisdictions over Mr. Ulloa's case. The Government further contends that defense counsel reviewed the presentence report with Mr. Ulloa. We believe a better summary of events is that "the Court asked Mr. Ulloa and defense counsel had they reviewed the pre-sentence report. Mr. Ulloa answered "NO", and the Court provided them (15) minutes to review the report." Mr. Ulloa's section 2255 motion contends that defense counsel was verbally abusive, and intentionally derogatory towards Mr. Ulloa almost coercing him to enter the plea agreement. Additionally, from January 8, 2009, until late May 22, 2009, Mr. Ulloa had no contact with defense counsel. With these facts, Mr. Ulloa can concede that it is true the two briefly reviewed the pre-sentence during the sentencing hearing. It is also true the pre-sentence report indicates Mr. Ulloa was pending proceedings on an identical charge for which the Government was seeking a (14) level enhancement in the Superior Court of Guam. **See: PSR-18, paragraph 75.**

Armed with these facts from the Pre-sentence report, defense counsel had an obligation to properly advise the Court of the pending proceedings in the Superior Court of Guam, then argue the identical charges, and how imposition of the (14) level enhancement would violate the double jeopardy Clause. After reviewing the pre-sentence report as indicated by the Government, the Court can conclude defense counsel should have known of the double jeopardy ramifications.

i. **Double Jeopardy:**

In determining whether multiple punishments violate the Double Jeopardy Clause courts look to the punishment authorized by the legislative branch. **See: Whalen v. United States,** 445 U.S. 684, 688, 100 S. Ct. 1432, 1436 (1980). The Double Jeopardy Clause embodies the principles that the power to define criminal offenses and impose punishment resides wholly with the Legislature. **See: Id. at 689. 100 S. Ct. at 1436.**

Two distinct test have emerged in determining whether the legislature intended to allow for cumulative punishments of statutory violations: (1) the Blockbuster test; and

--4--

(2) the "unit of prosecution" test. **See: e.g. Whalen,** 445 U.S. at 691-92, 100 S. Ct. at 1437-38 (employing the Blockbuster test in determining whether multiple punishments are allowed when the defendant violates two statutes); **Ladner v. United States,** 358 U.S. 169, 177, 79 S. Ct. 209, 214 (1958) (employing the unit of prosecution test in determining whether multiple punishments are proper when the defendant commits two violations of the same statute). While both tests focus on legislative intent, there is a clear rule as to which test must be employed in determining whether multiple punishments are allowed for double jeopardy purposes.

## THE BLOCKBUSTER TEST:

When a statute is ambiguous regarding whether a violation of two different statutes constitute separate offenses allowing for multiple punishments, courts employ the rule of statutory construction set forth in **Blockbuster v. United States,** 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). **See: Whalen,** 445 U.S. at 691-92, 100 S. Ct. at 1437-38. The Blockbuster Court provided that "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offense or only one is whether each provision requires proof of an additional fact which the other does not." **Blockbuster,** 284 U.S. at 304, 52 S. Ct. at 182. The Blockbuster test embodies the presumption that the legislature ordinarily does not intend to punish the same offense under two different statutes." **Whalen,** 445 U.S. at 691-92, 100 S. Ct. at 1437-38. In other words, the test is used to determine whether the violation of two distinct statutes constitutes the "same offense". The Blockbuster test applies only where the defendant is convicted of violating two distinct statutory provisions.

## THE "UNIT OF PROSUCTION" TEST:

Where the defendant is convicted of two violations of the same statute, courts determine "what act the legislature intended as the "unit of prosecution." **Weathers,** 186 F.3d at 366; **Esch,** 832 F.2d at 541. The relevant inquiry is whether the conduct at issue was intended to give rise to more than one offense under the same [statutory] provision. **See: United States v. McLaughlin,** 164 F.3d 1, 14 (D.C. Cir. 1998). Thus, the issue remains one of legislative intent, and courts look to the language of the statute and legislative

--5--

history. See: Lander, at 177, 79 S. Ct. at 234. If the legislative intent is ambiguous, rather than applying the Blockbuster offenses'..." McLaughlin, 164 F.3d at 14-15 (quoting United States v. Bell, 394 U.S. 81, 84, 75 S. Ct. 620, 622 (1995) (clarifying that "[i]n the 'unit of prosecution' cases, although the ultimate question remains one of legislative intent, the Blockbuster test is not used."); (recognizing that the Blockbuster test only applies when the defendant is convicted under two separate statutory provisions). The legislature is the sole branch of the government empowered to define crimes and punishment, and the courts must decline to increase a penalty on an individual when not clearly authorized by the legislative. See: Ladner, 358 U.S. at People v. San Nicolas, Opinion on page 8 of 16.

In the case at bar, Mr. Ulloa employees the Unit of Prosecution Test to discern whether the double jeopardy provisions have been violated. First, we note that the double jeopardy clauses of Federal and Guam are "identical in thought, substance, and purpose". Second, we must examine whether the offenses are sufficiently differentiated by time, location, or intended purpose." Here, we can conclude that both the Superior of Guam conviction and the federal enhancement are for the same conduct. The United States Constitution clearly proscribes that a defendant may not be penalized twice for the same offense or conduct. Therefore, we must review the statutes to determine whether double punishment is authorized by the legislative branch.

**Guam Penal Code Statute verse USSG Section 2D1.10 Enhancement:**

    Guam Penal Code Section 31.30.
        9 GCA Crimes And Corrections.

    Section 31.30. Child Abuse; Defined & Punished.

    (A)  A person is guilty of child abuse when:
    (1)  he subjects a child to cruel mistreatment; or
    (2)  having a child in his care or custody.
    (A)  desert that child with intent to abandon him.
    (B)  subjects that child to cruel mistreatment, or
    (C)  unreasonably causes or permits the physical or, emotional health of that child to be endangered.

    (b)  Child abuse is a felonly of the third degree when it is committed under circumstances likely to result in death or serious bodily injury. Otherwise, it is a misdemeanor.

    SOURCE: M.P.C. Section 230.4; *Cal. Section 980 (1971); Mass. ch. 273, Sections 1, 4; N.J. 2C:24-

COMMENT: Section 31.30, superceded all or part of the Guam Penal
Code dealing with the same subject. The extent of liability under
this section depends upon the relationship of the defendant to the
child and the degree to risk to the child. Any person who subjects
a child to cruel mistreatment is guilty of a crime. Person having
the care or responsibility for a child are held to a high standard
of care. In addition to the obvious crimes of dessertion or cruel
mistreatment, parent or guardians may not unreasonably cause or
permit a child to be endangered.

See: **Pet Br'f, pg. 11.**

UNITED STATES SENTENCING GUIDELINE SECTION 2D1.10 = ENDANGERING HUMAN LIFE WHILE ILLEGALLY MANUFACTURING A CONTROLLED SUBSTANCE; ATTEMPT.

(b) Specific Offense Characteristic:

   (1) (Apply The Greater:)

   (A) If the offense involved the manufacturing of amphetamine or methamphetamine; and **(ii) created a substantial risk of harm to the life of a minor or incompetent, increase by 6 levels. If the resulting offense level is less than level 30, increase to level 30.**

In the Superior Court of Guam Mr. Ulloa pled guilty to Child Abuse, in violation of 9 GCA Section 31.30(a)(2)(b) and (c). Both of these statutes involve child endangerment and adults placing a minor/human being under substantial risk of harm. The Guam statute and enhancement statute are identical in meaning, although they may differ in wording. **See: Pet. Br'f, Exh. C, pg. 1-4.** In the case before this Court, the single conduct at issue constitutes a violation of the Double Jeopardy Clause. The sentencing commission understands double counting and "expressly forbids it where it is not intended." **United States v. Reese,** 2 F.3d 870, 894 (9th Cir. 1993) (quoting **United States v. Williams,** 954 F.2d 204, 208 (4th Cir. 1992). In this instance, the Guidelines allow for an enhancement only if the Mr. Ulloa has not been charged with the offense in the Superior Court of Guam. Herein lies our next quest to discuss the doctrine of Comity.

ii. Doctrine of Comity:

Mr. Ulloa contends that Superior Court maintained exclusive jurisdiction over his case as it was the first jurisdiction to arrest and charge for the Child Endangerment offense. The prior exclusive jurisdiction doctrine holds that when one *court is exercising* in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over

--7--

the same res. Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation. Where the jurisdiction of the State court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

Whether the doctrine of prior exclusive jurisdiction is described as a rule of comity or subject matter jurisdiction, courts in the Ninth Circuit are bound to treat the doctrine as a mandatory rule, not a matter of judicial discretion. If the doctrine applies, federal courts may not exercise jurisdiction. If the doctrine applies, it is legal error for a district court not to remand, dismiss, or stay federal proceedings on account of the State court's prior exercise of jurisdiction, and any decision on the merit must be vacated.

The pre-sentence report in this matter, clearly indicates that Mr. Ulloa was detained and arrested by the Guam Police Department, then later indicted on separate controlled substance offenses which resulted in the (14) level enhancement. It is uncontested that both the charge and the enhancement require the same elements for imposition of punishment. Therefore, Mr. Ulloa's claim of double jeopardy meritorious.

The Government cites several cases which are distinguishable from the case at bar. For instance, **Dowd, Monge,** and **Witte** all of which deal with defendant's contesting other aspects of the case (e.g., criminal history calculation, consideration of information about a defendant's character and conduct, etc). None of the cited cases involve a defendant who has been convicted in the State and enhanced by the Federal Government for an identical offense. The Government's inability to cite supporting case law is telling within itself. In other words, although Mr. Ulloa was punished for the same same offense twice, the Government would rather injustice remain imposed upon the petitioner, as opposed to conceding to the ineffectiveness of defense counsel.

### iii. Ineffective Assistance:

In this case the Government concedes that defense counsel advised *the Court of* Mr. Ulloa being released from the Superior Court of Guam child abuse/endangerment case. It is an uncontroverted fact that counsel's misinformation to this Court led to the

--8--

double jeopardy violation. As the Government contended defense counsel, and Mr. Ulloa both reviewed the pre-sentence report, therefore, there is no excuse for defense counsel not to have objected and challenged the (14) level upward departure. Cross examining a witness does not imply a challenge to the upward departure, nor does it excuse counsel's unprofessional blunder. Mr. Ulloa has therefore, provided the proper evidence to demonstrate a deprivation of his guaranteed constitutional rights based on counsel's deficient proformance. The first Strickland prong has been met.

The prejudice prong is met through defense counsel's error increasing Mr. Ulloa's sentence by (14) levels. To briefly reiterate the facts, counsel's misinformation to this court prejudiced Mr. Ulloa. Additionally, Mr. Ulloa would have proceeded to trial if not for counsel's error.[3]

### iv. Evidentiary Hearing:

Mr. Ulloa has presented facts that are supported by the record, and the Government's reply. Although this Court has the discretion to adjudicate this matter on the merits the sentencing transcripts in this matter have not been reviewed. Thus, further evidence may be adduced through both an evidentiary hearing, and review of the transcripts. **See:** **West v. Ryan,** 608 F.3d 477, 485 (9th Cir. 2010); ("To obtain an evidentiary hearing in district court, a habeas petitioner must.... allege a colorable claim for relief.") As such, Mr. Ulloa respectfully ask this Honorable Court to grant his request for an evidentiary hearing.

### CONCLUSION

WHEREFORE, the foregoing reason(s) Mr. Ulloa respectfully urges this Honorable Court to grant the section 2255 motion for a correction of sentence. Alternatively, Mr. Ulloa ask this Court to schedule an evidentiary hearing and appoint counsel to represent his interest.

Respectfully submitted,

Date: June 1, 2012.

_____
Joshua J.C. Ulloa, pro-se.

---

3/ Mr. Ulloa in his 2255 motion attacks the sentence, and respectfully request a correction of the sentence by rescinding the (14) level upward departure.

--9--

## CERTIFICATE OF SERVICE

I, Joshua J.C. Ulloa, hereby certify that a true and correct copy of the foregoing Traverse In Opposition of The Government's Reply has been forwarded to the parties listed below. The Traverse has been provided to prison officials for posting in the United States Postal Service Mail on this 1st day of June, 2012.

(3) United States District Court
    Attn: Pro-Se Clerk of Court
    4th Floor, US Courthouse
    520 West Soledad Avenue.
    Hagatna, Guam 96910

(1) United States Attorney's Office
    Attn: Ms. Rosetta San Nicolas, AUSA.
    Sirena Plaza, Suite 500
    108 Herman Cortez Avenue.
    Hagatna, Guam 96910

Date: June 1, 2012.

_____
Mr. Joshua J.C. Ulloa, pro-se.
Fed. Reg. No. 02758-093
FPC Yazoo (Satellite Camp)
P.O. Box 5000
Yazoo City, MS 39194